**Hoyt W. AXTON, Appellant,**

v.

**William G. KIRBY et al., Appellees.**

**No. 1537.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 1, 1977.

Rehearing Denied June 22, 1977.

John L. Gardner, Stovall, Wilhite & Gilbreath, Houston, for appellant.

Henry P. Giessel, Alice Giessel, Talbert, Giessel & Stone, Michael T. Johnson, Houston, for appellees.

J. CURTISS BROWN, Chief Justice.

In January of 1976 William G. Kirby and Alene K. Kirby doing business as Knauer's Hardware brought suit for the use and benefit of American Hardware Mutual Insurance Company (appellees) in the district court of Harris County, Texas to enforce a Florida judgment rendered in 1958. In the Florida suit appellees obtained a judgment for $33,076.25 against Hoyt W. Axton (Axton or appellant) for tort damages. Axton filed a special appearance challenging the court's in personam jurisdiction over him and an answer consisting of a general denial subject thereto.

Both parties then moved for summary judgment. Appellant filed an amended original answer on the day set for hearing the summary judgment motions alleging for the first time that the Florida judgment was barred by limitations. The district court overruled appellant's motion for summary judgment and granted summary judgment for appellees to enforce the Florida judgment. The judgment included interest which was not specifically included in the Florida judgment. Appellant filed a motion for new trial again alleging that the Florida judgment was dormant and unenforceable due to appellees' failure to execute on the judgment within the prescribed period under both Florida and Texas law. A supporting affidavit was filed at that time evidencing that no writ of execution had been issued in Florida. Appellant's motion for new trial was overruled.

On appeal appellant again argues that the Florida judgment was barred by limitations and, therefore, not entitled to full faith and credit. He also contends that in any event a fact issue was presented as to whether there was execution issued on the Florida judgment.

We need not resolve the question as to whether the Florida judgment is valid and subsisting because it was improper for the district court to grant appellees' motion due to the lack of sufficient summary judgment evidence. Moreover, this court is precluded from rendering summary judgment for appellant for the same reason.

■ Appellees' motion for summary judgment was unaccompanied by any affidavits, depositions, answers to interrogatories or admissions on file. Their motion was based on the original pleadings. These pleadings consist of the original petition and an attached copy of the Florida judgment with an attestation by the clerk of the Circuit Court in Duval County, Florida. It is well settled that unless the case is one properly to be decided upon the pleadings, the pleadings, even if sworn, cannot be considered summary judgment evidence. *Hidalgo v. Surety Savings & Loan Ass'n*, 462 S.W.2d 540 (Tex.Sup. 1971). A motion for summary judgment should be supported by independent proof such as admissions, affidavits and depositions. Tex.R.Civ.P. 166–A(c).

It should be noted that if appellees' pleadings could have been considered as summary judgment evidence, the copy of the judgment attached to the appellees' original petition was not properly authenticated as required under Tex.Rev.Civ.Stat. Ann. art. 3731a §§ 2, 4 (Supp. 1976). That article requires attestation by its official custodian along with certification by the judge of the court of record of the district in which the record is kept that such officer did have official custody. In this case the Florida judgment was attested by the clerk of the Florida Circuit Court in Duval County; however, it was not accompanied by any certification by a judge of the district that the clerk was the official custodian.

As such the judgment was hearsay. *Hutchins v. Seifert*, 460 S.W.2d 955, 957 (Tex.Civ. App.-Houston [14th Dist.] 1970, writ ref'd n. r. e.).

■ Similarly, the appellant's motion for summary judgment was unsupported by proper summary judgment evidence. The only evidence in support of his motion was his amended original answer raising the limitations question. There were no supporting affidavits filed with the motion on the issue of whether a writ of execution had ever been issued on the Florida judgment. Appellant did file such an affidavit with his motion for new trial; however, such evidence filed at that point would not constitute part of the record of the summary judgment proceeding. *Fulton v. Duhaime*, 525 S.W.2d 62, 64 (Tex.Civ.App.- Houston [1st Dist.] 1975, writ ref'd n. r. e.).

In reviewing the record, it is clear that neither the appellees nor the appellant met their burden by offering sufficient evidence to establish that there was no genuine issue of any material fact and that either party was entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A(c). The judgment of the trial court is reversed and remanded for a new trial.

Reversed and remanded.