**WELLS FARGO CONSTRUCTION CO., Appellant,**

v.

**BANK OF WOODLAKE, Appellee.**

No. 12–81–0057–CV.

Court of Appeals of Texas, Tyler.

Jan. 27, 1983.

Garland D. McInnis, Jr., Houston, for appellant.

Tracy E. Friedman, Foreman & Dyess, Houston, for appellee.

## McKAY, Justice.

This is an appeal from a summary judgment granted in favor of the plaintiff below, Bank of Woodlake, in a suit for debt against its depositor to recover for certain overdrafts paid by the Bank on depositor's account.

Appellant maintained three checking accounts with the Bank. During December 1979 and January 1980 numerous checks were drawn on said accounts. Although appellant had insufficient funds in these accounts to pay the checks, the Bank honored said checks and then demanded reimbursement from appellant in the amount of the resulting overdrafts, a total of $8,107.73. This demand was refused by appellant.

The Bank filed its sworn petition in the case setting out the above-mentioned facts and praying for judgment against appellant in the amount of the overdrafts. Appellant filed a general denial. The Bank then filed a motion for summary judgment alleging substantially the same facts. Said motion was accompanied by copies of the Bank's ledger sheets showing the activity in appellant's accounts and the total overdraft amount in each. The motion was supported by an affidavit of the Bank's president which verified the allegations in said motion on personal knowledge. This affidavit also verified the copies of the ledger sheets attached thereto. The motion, in Paragraph II., alleged the following: "The amounts owing by Defendant under said account are fully described in Plaintiff's Original Petition, which is incorporated herein by reference as though set out in full."

In its response to this motion appellant objected to the Bank incorporating its pleading in said motion. It also alleged the checks in question were drawn by an employee of appellant who had no authority to execute said checks, and that the Bank was grossly negligent in paying moneys to this employee. Attached to appellant's response is the following affidavit:

BEFORE ME, the undersigned authority, on this day personally appeared GARLAND D. McINNIS, JR., who being duly sworn, on oath states that he is the attorney for Defendant in the foregoing Response to Plaintiff's Motion for Summary Judgment, and as such is authorized to make this affidavit; that the facts and allegations contained in such response are true and correct *to the best of his information and belief.* (Emphasis added.)

The trial court granted the Bank's motion for summary judgment and Wells Fargo appeals. We affirm.

Appellant brings two points of error. In its first point appellant contends the trial court erred reversibly in granting the Bank's motion for summary judgment because a material issue of fact existed. Appellant argues that a material element of the Bank's cause of action was that the checks were drawn on the authority of appellant, and since appellant denied that its employee had authority to draw checks on its account, a genuine issue of material fact was raised.

We observe that the affidavit attached to appellant's response was made on information and belief of the attorney for appellant. An affidavit based on information and belief is insufficient as verification by oath and its content is not factual proof in a summary judgment proceeding. *Hagar v. Texas Distributors, Inc.,* 560 S.W.2d 773, 775 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Schultz v. City of Houston,* 551 S.W.2d 494, 496 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ). Thus, said affidavit is ineffectual to oppose a motion for summary judgment. *Lancaster v. Wynnewood State Bank,* 470 S.W.2d 78, 79 (Tex. Civ.App.—Waco 1971, no writ). Appellant's first point is overruled.

In its second point of error appellant contends the Bank's proof was insufficient as a matter of law because it attempted to incorporate by reference its pleadings to show appellant did in fact maintain the

three checking accounts with the Bank. Appellant cites *Hidalgo v. Surety Savings & Loan Assoc.,* 462 S.W.2d 540 (Tex.1971) for the proposition that pleadings, even if sworn to, do not constitute summary judgment proof. We have no quarrel with this statement of the law, as recently reaffirmed in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex. 1979). However, in our view the application of this principle does not require reversal under the facts of the case at bar.

In light of the above rule, as well as the rule that a motion for summary judgment must stand on its own, supported by independent proof, *Axton v. Kirby,* 552 S.W.2d 620, 622 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ), we have examined the Bank's motion and the affidavit and exhibits attached thereto. In our opinion, the motion and supporting proof are sufficient to establish the Bank's cause of action as a matter of law.

The copies of the ledger sheets and statements attached to the motion show on their face that these accounts were maintained by appellant, and the overdraft amounts in each account. The affidavit of the Bank's representative states affirmatively, on personal knowledge, that the Bank paid said amounts according to the order of appellant, that appellant has failed to reimburse the Bank for such overdrafts, and that by reason thereof appellant is indebted to the Bank in the total amount shown. We hold this proof sufficiently sustains the Bank's cause of action for debt. Accordingly, we overrule appellant's second point.

The judgment is affirmed.