**R.G. CAMPBELL, Appellant,**

v.

**FORT WORTH BANK & TRUST, Appellee.**

**No. 2–85–170–CV.**

Court of Appeals of Texas, Fort Worth.

March 19, 1986.

Barlow & Garsek and Dwayne Hoover, Fort Worth, for appellant.

Gandy Michener Swindle Whitaker & Pratt and Bruce McGee, Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

## OPINION

ASHWORTH, Justice.

This is an appeal of a summary judgment rendered against an individual who guaranteed indebtednesses owing by a corporation.

Judgment affirmed.

Appellee brought suit against Three Star Development Company, Inc., B.W. Hightower, R.G. Campbell, and Roger Jefferies. The suit was based on various notes executed by Three Star (the "Corporation"), payable to appellee and a written guaranty agreement executed by each of the individuals. A default judgment was rendered against the Corporation and a summary judgment was granted as to the three individual defendants. R.G. Campbell, one of the individual guarantors and appellant herein, appeals the summary judgment rendered against him.

The summary judgment proof before the trial court consisted of:

(1) Plaintiff's original petition which had attached to it the notes sued upon and a copy of the written guaranty agreement executed by the three individuals.

(2) The first amended original answer of R.G. Campbell, properly verified, which contended that: appellant had been released from his guaranty by appellee; appellee is estopped from asserting a cause of action against appellant because appellee received subsequent guaranties of the Corporation's indebtedness from only Hightower and Jefferies; and that appellant had received no consideration for the execution of such guaranty agreement.

(3) The affidavit of James K. McKnight, Executive Vice President of the appellee, Fort Worth Bank & Trust. Attached to McKnight's affidavit are copies of the promissory notes sued upon and a copy of the guaranty agreement by the three individuals. Generally, the affidavit states that the balance due on the notes is in the amount of $117,075.27, bears interest, and is due and payable. The affidavit continues and states that demand was made on the individuals to pay the indebtedness in accordance with the guaranty and that such demands for payment were unsuccessful and thereafter an attorney was employed to file suit.

(4) Appellant's response to plaintiff's motion for summary judgment in which appellant alleged again that a fact question existed as to whether he had been released from corporate liability; a fact question existed as to appellee being estopped from asserting this cause of action against appellant; and a fact issue existed as to whether appellant had failed to receive any consideration for the execution of such guaranty. The affidavit of appellant was attached to his response.

Because of its significance in the determination of this appeal, we state the pertinent parts of the affidavit:

In October, 1980 a dispute arose between myself, B.W. Hightower and Roger Jefferies as to the operation and purpose of Three Star Development Co., Inc. To resolve this dispute I sold all of my stock in Three Star Development Co., Inc. to B.W. Hightower and Roger Jefferies. At the time of such sale I resigned as an officer and director of the corporation and was released from any and all corporate liabilities. To the best of my knowledge no liability was owed to Fort Worth Bank & Trust at the time of my resignation and sale of my stock.

My release from corporate liability was communicated to the Bank, specifically

to Mr. Barry Smith, one of the bank officers at that time.

To the best of my knowledge, subsequent guaranties were executed solely by B.W. Hightower and Roger Jefferies and Plaintiff no longer relied upon the prior Unconditional Guaranty upon which it now bases its suit against me.

I received absolutely no benefit and none of the proceeds of the Promissory Notes upon which Plaintiff bases its alleged cause of action against me.

Even though they were before the trial court for consideration at the time of the hearing on the motion for summary judgment, the plaintiff's petition, the answer, the plaintiff's motion for summary judgment and defendant's response thereto, are not summary judgment evidence. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143, 143 (Tex.1980); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 545 (Tex.1971). The summary judgment evidence before the trial court consisted of the affidavit of McKnight with its accompanying notes and guaranty agreement, and the affidavit of the appellant.

The affidavit of McKnight succinctly stated that the attached notes had been executed by the Corporation and guaranteed by the three individuals in accordance with the guaranty agreement attached to the affidavit. The affidavit continues to state the balance due on the notes, that demand had been made upon the individual guarantors, and that attempts to collect have been unsuccessful requiring the necessity of an attorney and lawsuit. This affidavit and attachments satisfy the requirements of TEX.R.CIV.P. 166–A and would entitle appellee to judgment against appellant unless appellant's affidavit creates fact questions.

Examining appellant's affidavit he states he sold his stock in the Corporation, resigned as an officer and director and was released from any and all corporate liabilities. To the best of his knowledge, no liability was owed to appellee at that time. He further states that his release from corporate liability was communicated to a designated Bank officer. He further states, again to the best of his knowledge, that subsequent guaranties to the Bank were executed only by the other two individuals and that appellee no longer relied upon the prior guaranty. The affidavit continues that appellant received no benefits or proceeds from the notes sued upon.

■ Rule 166–A requires that affidavits must be made upon personal knowledge. The statements in appellant's affidavit based upon "the best of his knowledge" constitute no evidence at all. A person could testify with impunity that to the best of his knowledge, there are twenty-five hours in a day, eight days in a week, and thirteen months in a year. Such statements do not constitute factual proof in a summary judgment proceeding. *See Wells Fargo Const. Co. v. Bank of Woodlake,* 645 S.W.2d 913, 914 (Tex.App.—Tyler 1983, no writ). We reject and do not consider those statements in appellant's affidavit which are based upon the best of his knowledge.

Appellant states "[m]y release from corporate liability was communicated to the Bank, specifically to Mr. Barry Smith, one of the bank officers at that time." This statement comes closer than anything else in appellant's affidavit to raising a fact issue. Accepting this statement as true, it still fails to state with particularity when, where, how and by whom such release was communicated to the Bank. In addition, while appellant may have been released from corporate liability by the other individuals involved, there is no summary judgment evidence that appellant was released by appellee from the guaranty agreement. In this regard we note that the guaranty agreement provides:

This is a continuing guaranty remaining in effect until revoked by written notice delivered to Bank; however, no revocation will in any way affect the obligations of Guarantors to Bank with respect to debts or liabilities of Customer

created or incurred prior to Bank's receipt of such notice. Revocation by any one or more of Guarantors will not affect the obligations of the remaining Guarantor or Guarantors.

 In order to raise a fact question as to whether he had been released by the Bank from the guaranty agreement, the summary judgment evidence necessarily required some proof that a written notice of revocation had been delivered. Rule 166–A(c) requires that the affidavit of an interested party be clear, positive, direct, and free from contradictions and inconsistencies. Appellant's affidavit fails to meet such test. Appellant's last quoted statement is insufficient to raise a fact issue as to whether or not he was released by the Bank from the guaranty agreement.

Judgment affirmed.