Opinion filed April 22,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00203-CV 

                                                    __________

 

                                     GLEN
BICKNELL, Appellant

 

                                                             V.

 

                             WELLS
FARGO BANK, N.A., Appellee



 

                                   On
Appeal from the 350th District Court

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 8087-D

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Wells
Fargo Bank, N.A. sued Glen and Cynthia Bicknell to collect monies owed on two
lines of credit.  The trial court granted summary judgment for Wells Fargo
against Glen but held that Cynthia was not personally liable.  Glen brings this
appeal complaining of the judgment rendered against him.  We affirm.

I.      
Background Facts

             Wells
Fargo alleged that Glen and Cynthia, individually and on behalf of their
businesses, applied for two lines of credit.  Glen filed an unverified answer
and denied that he personally borrowed any money.  He also raised several
affirmative defenses including statute of limitations.  Cynthia filed a
verified answer and denied signing either credit application.

            Wells
Fargo filed a traditional motion for summary judgment, contending that both
accounts were in default and that Glen and Cynthia were liable personally or as
guarantors. Cynthia filed a response and counter-motion and specifically denied
signing any credit application or guaranty.  Glen also responded and objected
to affidavits in Wells Fargo’s motion, referenced his affirmative defenses, and
offered his own affidavit in which he denied personally borrowing any money or
intentionally guaranteeing any other indebtedness.  The trial court granted
Wells Fargo’s motion against Glen and held that he was liable for over $150,000
in unpaid principal and interest.  The trial court granted Cynthia’s
counter-motion and entered a take-nothing judgment in her favor.

II.   
Issues

 Glen
challenges the trial court’s judgment with a single issue, contending that
Wells Fargo failed to meet its burden of proof.

III.
Discussion

A.    Standard
of Review. 

The
standard of review for traditional summary judgment motions is well established. 
Questions of law are reviewed de novo.  St. Paul Ins. Co. v. Tex. Dep’t of
Transp., 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied).  To
determine if a fact question exists, we must consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all the
evidence presented.  Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d
754, 755 (Tex. 2007).  We must consider all the evidence in the light most
favorable to the nonmovant, indulging all reasonable inferences in favor of the
nonmovant, and determine whether the movant proved that there were no genuine
issues of material fact and that it was entitled to judgment as a matter of
law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

B.     Wells
Fargo’s Summary Judgment Motion.

 Glen
argues that a fact question exists as to whether there was a valid contract or
personal guarantee.  He references Cynthia’s summary judgment response in which
she denied signing any application or guaranty but does not provide any
argument or authority why this creates a fact question on his liability.  He
also references his affidavit where he testified: “I personally never borrowed
any funds . . . or intentionally entered into any agreement to guarantee any
indebtedness.”  Whether this is sufficient to create a fact question on his
personal liability we need not decide because it does not create a fact
question on his liability as a guarantor.  Wells Fargo was not required to
prove that he intentionally guaranteed either line of credit, merely that he
had contracted to do so.  See Wiman v. Tomaszewicz, 877 S.W.2d 1, 8
(Tex. App.—Dallas 1994, no writ) (to recover on the guaranty of a note, a party
must show proof of the existence and ownership of the guaranty contract, the
terms of the underlying contract by the holder, the occurrence of the
conditions upon which liability is based, and the failure or refusal to perform
by the guarantor). 

 
Glen next argues that Wells Fargo’s evidence was insufficient.  Wells Fargo
offered two affidavits from Dorothy Wilson.  The first was a business records
affidavit.  Attached to that affidavit were copies of both credit applications. 
The second affidavit identified the two accounts and credit applications,
characterized both accounts as being in default, and described the principal
and interest owed on each.  Glen objected to Wilson’s affidavits, complaining
that they were insufficient in a number of respects, but he did not obtain a
written ruling.  His objections have not been preserved.  Well Solutions,
Inc. v. Stafford, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.).

Nor
did he otherwise create a fact question on the genuineness of Wells Fargo’s
evidence.  Glen testified in his affidavit, “The documents attached to
Plaintiff’s . . . Motion for Summary Judgment do not appear to be true and
correct copies of any documents which I may have signed.”  This is nothing more
than a subjective belief and, therefore, insufficient to create a fact
question.[1]

Glen
argues that the evidence was insufficient to establish that he owed over
$150,000 because Wells Fargo only offered evidence of cash advances totaling
$32,153.12.  Wells Fargo’s motion only included copies of some of the checks
Glen wrote, but Wilson identified the principal owed on each account, the
interest owed to date on each, and the daily per diem for both.  To create a
fact question, Glen was required to contest the accuracy of these numbers. 
This he did not do.

Finally,
Glen argues that summary judgment was improper because of his statute of
limitations defense.  The mere fact that he included this defense in his
original answer or referred to it in his summary judgment response does not
require Wells Fargo to negate it.  Kirby Exploration Co. v. Mitchell Energy
Corp., 701 S.W.2d 922, 926 (Tex. App.—Houston [1st Dist.] 1985, writ ref’d
n.r.e.).  To preclude summary judgment, Glen was required to support each
element of a statute of limitations defense with evidence. “Moore” Burger,
Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 936-37 (Tex. 1972).  This
would include evidence of when Wells Fargo’s cause of action accrued.  KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  He argues that, because the lines of credit were established in 1996
and this suit was filed in 2007, he has carried his burden.  This is
incorrect.  Wells Fargo’s cause of action did not accrue until a default
occurred.  See Barker v. Eckman, 213 S.W.3d 306, 311 (Tex. 2006) (a
breach of contract claim accrues when the contract is breached). Glen offered
the trial court no evidence that the default occurred more than four years
before suit was filed.  Glen’s issue is overruled.

IV.
Conclusion

The judgment of the trial court is affirmed.

 

 

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

April 22, 2010

Panel consists of:  Wright, C.J., 

McCall, J., and Strange, J. 









                [1]See Tex. Div.-Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 314 (Tex. 1994) (statement that “I,
in good faith, believe that I was terminated [for filing a workers’
compensation claim]” is a subjective belief and, therefore, not competent
summary judgment evidence); Roberts v. Davis, 160 S.W.3d 256, 262 (Tex.
App.—Texarkana 2005, pet. denied) (opinion statements such as “this is true to
the best of my knowledge and belief” are not evidence that the information is
true); R.G. Campbell v. Fort Worth Bank & Trust, 705 S.W.2d 400, 402
(Tex. App.—Fort Worth 1986, no writ) (statements in affidavit based upon the
best of the affiant’s knowledge are not evidence).