**Opinion filed April 22, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00203-CV
_____

## GLEN BICKNELL, Appellant

## V.

## WELLS FARGO BANK, N.A., Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 8087-D**

## M E M O R A N D U M   O P I N I O N

Wells Fargo Bank, N.A. sued Glen and Cynthia Bicknell to collect monies owed on two lines of credit. The trial court granted summary judgment for Wells Fargo against Glen but held that Cynthia was not personally liable. Glen brings this appeal complaining of the judgment rendered against him. We affirm.

### I.   *Background Facts*

Wells Fargo alleged that Glen and Cynthia, individually and on behalf of their businesses, applied for two lines of credit. Glen filed an unverified answer and denied that he personally borrowed any money. He also raised several affirmative defenses including statute of limitations. Cynthia filed a verified answer and denied signing either credit application.

Wells Fargo filed a traditional motion for summary judgment, contending that both accounts were in default and that Glen and Cynthia were liable personally or as guarantors. Cynthia filed a response and counter-motion and specifically denied signing any credit application or guaranty. Glen also responded and objected to affidavits in Wells Fargo's motion, referenced his affirmative defenses, and offered his own affidavit in which he denied personally borrowing any money or intentionally guaranteeing any other indebtedness. The trial court granted Wells Fargo's motion against Glen and held that he was liable for over $150,000 in unpaid principal and interest. The trial court granted Cynthia's counter-motion and entered a take-nothing judgment in her favor.

## II. *Issues*

Glen challenges the trial court's judgment with a single issue, contending that Wells Fargo failed to meet its burden of proof.

## III. *Discussion*

### A. *Standard of Review.*

The standard of review for traditional summary judgment motions is well established. Questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

### B. *Wells Fargo's Summary Judgment Motion.*

Glen argues that a fact question exists as to whether there was a valid contract or personal guarantee. He references Cynthia's summary judgment response in which she denied signing any application or guaranty but does not provide any argument or authority why this creates a fact question on his liability. He also references his affidavit where he testified: "I personally never borrowed any funds . . . or intentionally entered into any agreement to guarantee any indebtedness." Whether this is sufficient to create a fact question on his personal

liability we need not decide because it does not create a fact question on his liability as a guarantor. Wells Fargo was not required to prove that he intentionally guaranteed either line of credit, merely that he had contracted to do so. *See Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.—Dallas 1994, no writ) (to recover on the guaranty of a note, a party must show proof of the existence and ownership of the guaranty contract, the terms of the underlying contract by the holder, the occurrence of the conditions upon which liability is based, and the failure or refusal to perform by the guarantor).

Glen next argues that Wells Fargo's evidence was insufficient. Wells Fargo offered two affidavits from Dorothy Wilson. The first was a business records affidavit. Attached to that affidavit were copies of both credit applications. The second affidavit identified the two accounts and credit applications, characterized both accounts as being in default, and described the principal and interest owed on each. Glen objected to Wilson's affidavits, complaining that they were insufficient in a number of respects, but he did not obtain a written ruling. His objections have not been preserved. *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.).

Nor did he otherwise create a fact question on the genuineness of Wells Fargo's evidence. Glen testified in his affidavit, "The documents attached to Plaintiff's . . . Motion for Summary Judgment do not appear to be true and correct copies of any documents which I may have signed." This is nothing more than a subjective belief and, therefore, insufficient to create a fact question.[1]

Glen argues that the evidence was insufficient to establish that he owed over $150,000 because Wells Fargo only offered evidence of cash advances totaling $32,153.12. Wells Fargo's motion only included copies of some of the checks Glen wrote, but Wilson identified the principal owed on each account, the interest owed to date on each, and the daily per diem for both. To create a fact question, Glen was required to contest the accuracy of these numbers. This he did not do.

Finally, Glen argues that summary judgment was improper because of his statute of limitations defense. The mere fact that he included this defense in his original answer or referred

---

[1] *See Tex. Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) (statement that "I, in good faith, believe that I was terminated [for filing a workers' compensation claim]" is a subjective belief and, therefore, not competent summary judgment evidence); *Roberts v. Davis*, 160 S.W.3d 256, 262 (Tex. App.—Texarkana 2005, pet. denied) (opinion statements such as "this is true to the best of my knowledge and belief" are not evidence that the information is true); *R.G. Campbell v. Fort Worth Bank & Trust*, 705 S.W.2d 400, 402 (Tex. App.—Fort Worth 1986, no writ) (statements in affidavit based upon the best of the affiant's knowledge are not evidence).

to it in his summary judgment response does not require Wells Fargo to negate it. *Kirby Exploration Co. v. Mitchell Energy Corp.*, 701 S.W.2d 922, 926 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). To preclude summary judgment, Glen was required to support each element of a statute of limitations defense with evidence. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936-37 (Tex. 1972). This would include evidence of when Wells Fargo's cause of action accrued. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). He argues that, because the lines of credit were established in 1996 and this suit was filed in 2007, he has carried his burden. This is incorrect. Wells Fargo's cause of action did not accrue until a default occurred. *See Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006) (a breach of contract claim accrues when the contract is breached). Glen offered the trial court no evidence that the default occurred more than four years before suit was filed. Glen's issue is overruled.

IV. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


April 22, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.