Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-11-00774-CV

**IN THE INTEREST OF J.D.L.R.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-02562
Honorable Dick Alcala, Judge Presiding

Opinion by: Rebecca Simmons, Justice

Sitting: Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: April 18, 2012

AFFIRMED

Appellant Estella Espinoza appeals the trial court's order terminating her parental rights to her child J.D.L.R. Espinoza raises two issues: (1) the trial court abused its discretion in denying Espinoza's re-urging of a motion for continuance, and (2) the evidence was legally and factually insufficient to support the trial court's order. We affirm the trial court's order.

## BACKGROUND

J.D.L.R. was born addicted to heroin because of Espinoza's drug use during pregnancy. About one month later, on November 19, 2010, the Department of Family and Protective Services filed its original petition for protection of J.D.L.R., and the court granted the Department's request for emergency custody. In December, after a hearing, the court appointed

the Department as J.D.L.R.'s temporary managing conservator.  On January 19, 2011, Espinoza signed a family service plan that would enable her to regain custody of J.D.L.R.

Between J.D.L.R.'s birth and Espinoza's parental rights termination trial, Espinoza was twice arrested for DWI and once tested positive for cocaine.  Espinoza was unable to secure a stable living environment, wean herself off of methadone, or complete her service plan.  Her parental rights termination trial was initially scheduled for September 15, 2011, but the trial court granted Espinoza's motion for continuance that requested additional time to prepare for trial and complete Espinoza's service plan.  Her trial was reset for September 26, 2011.  On that date, Espinoza re-urged her motion for continuance for even more time to complete her service plan, but the court denied her motion and began her bench trial.  The court terminated her parental rights; Espinoza appeals the trial court's order.

## MOTION FOR CONTINUANCE

### A.  Standard of Review

We review a trial court's denial of a motion for continuance for an abuse of discretion.  *In re H.R.*, 87 S.W.3d 691, 701 (Tex. App.—San Antonio 2002, no pet.) (citing *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding)).  We recognize that "[t]he decision to grant or deny a motion for continuance is within the trial court's sound discretion." *In re E.L.T.*, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also* TEX. R. CIV. P. 251.  In reviewing a trial court's exercise of its discretion, we must determine whether the trial court's decision was arbitrary, unreasonable, or without reference to guiding principles of law.  *In re J.S.P.*, 278 S.W.3d 414, 419 (Tex. App.—San Antonio 2008, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

**B. Analysis**

Generally, a trial court must not grant a continuance without "sufficient cause supported by affidavit." *See* TEX. R. CIV. P. 251; *H.R.*, 87 S.W.3d at 701. A movant parent does not show sufficient cause to warrant a continuance to complete a family service plan when the parent has had sufficient opportunities to perform the plan requirements but has failed to do so. *See In re A.H.*, No. 04-06-00055-CV, 2006 WL 1473696, at *1 (Tex. App.—San Antonio May 31, 2006, no pet.) (mem. op.); *see also* TEX. R. CIV. P. 251; *H.R.*, 87 S.W.3d at 701.

As part of her service plan goals, Espinoza needed to demonstrate her ability to protect J.D.L.R. from harm and her ability to bond with J.D.L.R. Some of the service plan requirements were for Espinoza to remain drug and alcohol free, maintain stable employment, and maintain stable housing. Espinoza received the service plan, signed it, and discussed it with her case worker.

In her September 15, 2011 motion for continuance, Espinoza moved for more time to satisfy her service plan and to adjust to life without the child's father, who began serving a multi-year prison sentence the previous month. However, from the time of J.D.L.R.'s birth until before the father was imprisoned, Espinoza had over nine months to complete her service plan. Her motion for continuance asserted that she had met with a counselor to develop a plan to provide a stable home, obtain stable employment, and remain sober.[1] But her service plan already required her to do each of these tasks, and she repeatedly violated the plan requirements to remain drug and alcohol free and obtain a stable home or employment. In its May 18, 2011 and August 31,

---

[1] Espinoza's counsel averred to the facts in the motion for continuance "to the best of my knowledge"; Espinoza did not sign the affidavit or provide a separate affidavit. *See* TEX. R. CIV. P. 251 (prohibiting, in relevant part, a continuance "except for sufficient cause supported by affidavit"). We are not obligated to consider the alleged facts in Espinoza's motion for continuance. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex. 2010) (plurality opinion) ("An affidavit not based on personal knowledge is legally insufficient."); *Campbell v. Fort Worth Bank & Trust*, 705 S.W.2d 400, 402 (Tex. App.—Fort Worth 1986, no writ) ("We reject and do not consider those statements in appellant's affidavit which are based upon the best of his knowledge.").

2011 permanency hearing orders, the trial court found that Espinoza was not adequately meeting the requirements of her service plan. Further, during the plan period, Espinoza once tested positive for cocaine and was twice arrested for DWI. Moreover, Espinoza lost her home shortly before trial and was unable to show the court that she obtained replacement housing. In her motion for continuance, Espinoza failed to show what additional preparations she would have made for trial that she had not already had many prior months to accomplish; she did not demonstrate sufficient cause to grant her motion. *See H.R.*, 87 S.W.3d at 701; *see also* TEX. R. CIV. P. 251. Thus, the trial court acted within its discretion when it denied her motion. *See J.S.P.*, 278 S.W.3d at 419; *A.H.*, 2006 WL 1473696, at *1; *H.R.*, 87 S.W.3d at 701.

**LEGAL AND FACTUAL SUFFICIENCY**

## A. Standard of Review

An order terminating parental rights requires clear and convincing evidence that (1) the parent has committed one of the grounds for involuntary termination as listed in section 161.001(1) of the Family Code, and (2) the termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West 2008 & Supp. 2010); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002).

### 1. Legal Sufficiency

A review of legal sufficiency in a case with a clear and convincing evidence standard requires a court to "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *J.F.C.*, 96 S.W.3d at 266; *In re T.N.S.*, 230 S.W.3d 434, 438 (Tex. App.—San Antonio 2007, no pet.). We must conclude that the evidence is legally insufficient if "a

reasonable fact[-]finder could [not] form a firm belief or conviction that the matter that must be proven is true." *J.F.C.*, 96 S.W.3d at 266.

### 2. *Factual Sufficiency*

Evidence is factually sufficient under a clear and convincing standard if "a fact[-]finder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *accord In re K.R.M.*, 147 S.W.3d 628, 630 (Tex. App.— San Antonio 2004, no pet.). We must "consider whether disputed evidence is such that a reasonable fact[-]finder could not have resolved that disputed evidence in favor of its finding." *J.F.C.*, 96 S.W.3d at 266; *T.N.S.*, 230 S.W.3d at 438.

### B. Texas Family Code Section 161.001

### 1. *Statutory Grounds for Termination*

Having a child born addicted to a controlled substance is a ground to terminate the mother's parental rights. TEX. FAM. CODE ANN. § 161.001(1)(R) (West Supp. 2010); *see H.R.*, 87 S.W.3d at 697. During trial, Espinoza admitted that J.D.L.R. was born addicted to heroin because she repeatedly used heroin during her pregnancy.

Considering the evidence under the respective standards of review, we conclude that the trial court could have formed a firm belief or conviction that Espinoza violated section 161.001(1)(R). *See C.H.*, 89 S.W.3d at 25; *K.R.M.*, 147 S.W.3d at 630. Therefore, the evidence is legally and factually sufficient to support the trial court's finding that Espinoza committed one of the statutory grounds for involuntary termination under section 161.001(1)(R). *See* TEX. FAM. CODE ANN. § 161.001(1) (West Supp. 2010); *J.F.C.*, 96 S.W.3d at 266.

*2. Best Interest of the Child*

In determining whether termination of parental rights is in the best interest of the child, courts consider several factors: (1) the child's "emotional and physical needs . . . now and in the future"; (2) "the emotional and physical danger to the child now and in the future"; (3) the foster parents' parenting ability; (4) the home's or proposed placement's stability; (5) "the acts or omissions of the parent that may indicate that the parent-child relationship is not a proper one"; and (6) the parent's excuses for any acts or omissions. *In re J.L.*, 163 S.W.3d 79, 87 (Tex. 2005); *accord In re A.I.G.*, 135 S.W.3d 687, 692 (Tex. App.—San Antonio 2003, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(2) (West Supp. 2010).

The trial court considered the following evidence on the relevant factors and determined that terminating Espinoza's parental rights was in the best interest of the child.

The evidence showed that Espinoza was unable to safeguard the child's physical needs and was a danger to the child. *See J.L.*, 163 S.W.3d at 87; *In re M.A.N.M.*, 75 S.W.3d 73, 79 (Tex. App.—San Antonio 2002, no pet.). Espinoza was twice arrested for separate DWIs and tested positive for cocaine during the period between J.D.L.R.'s birth and her trial. She also admitted that her heroin use during pregnancy caused J.D.L.R's medical problems.

The evidence also showed that J.D.L.R.'s foster parents possessed a high degree of parenting ability and the proposed home is stable. *See J.L.*, 163 S.W.3d at 87; *A.I.G.*, 135 S.W.3d at 692. J.D.L.R.'s foster parents placed the child's needs above their own when J.D.L.R.'s foster mother quit her job of twelve years to care for the child's special needs.

The evidence demonstrated that the parent-child relationship between Espinoza and J.D.L.R. is improper. *See J.L.*, 163 S.W.3d at 87; *H.R.*, 87 S.W.3d at 700. Espinoza failed to remain drug free, refrain from criminal activity, maintain stable employment or housing, or

attend all of her scheduled visits with J.D.L.R. Further, she failed to produce evidence showing that she had secured a stable residence for her and the child.

Finally, Espinoza's excuses for her failure to complete her service plan and her inability to provide a stable residence did not preclude the trial court from forming a firm belief or conviction that termination was not in J.D.L.R.'s best interest. *See J.L.*, 163 S.W.3d at 87; *H.R.*, 87 S.W.3d at 700. She argued that her husband's incarceration caused her failure to complete her service plan, but the evidence showed that her DWI arrests and positive drug test occurred before her husband's incarceration.

Considering the evidence under the appropriate standards of review, we conclude that the trial court could have formed a firm belief or conviction that terminating Espinoza's parental rights was in J.D.L.R.'s best interest. *See J.F.C.*, 96 S.W.3d at 266; *T.N.S.*, 230 S.W.3d at 438.

## CONCLUSION

The trial court did not abuse its discretion in denying Espinoza's motion for continuance. Further, the evidence was legally and factually sufficient to support the trial court's finding of at least one of the statutory grounds for termination and that the termination was in the best interest of the child. Accordingly, we affirm the trial court's order.

Rebecca Simmons, Justice