

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00027-CV

---

CITY OF GRANBURY, APPELLANT

V.

THUNDERBOLT AIR, LLC, APPELLEE

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2017002, Honorable Ralph H. Walton, Jr., Presiding

---

August 17, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

*The more I read, the more I wonder if people ever read what they write.[1]*

The foregoing words are most applicable here. The City of Granbury appealed from a final summary judgment favoring Thunderbolt Air, LLC and contends that the trial court erred in granting Thunderbolt's motion for summary judgment. It also complains about the attorney's fees awarded Thunderbolt, and the trial court's failure to execute conclusions of law supporting its summary judgment. Yet, why the City believes the trial

---

[1] Lizzy

court erred is somewhat difficult to understand, at times. Nonetheless, we do our best to comprehend the arguments being made. And, in addressing them, we reverse.[2]

*Background*

The dispute revolves around a lease for space at a local municipal airport. Thunderbolt leased the space or hangar from the City for five years, which lease was renewable for successive periods. Question arose concerning whether Thunderbolt complied with the lease terms dictating the manner in which the tenant was to renew the agreement. The City apparently believed that Thunderbolt did not notify the lessor of its intent to renew within the time parameters expressed in the agreement. That resulted in the City informing Thunderbolt that the lease would end upon expiration of the initial term. Thunderbolt then sued the City for declaratory and temporary injunctive relief. It sought a declaration that the lease remained enforceable and a temporary injunction barring the City from removing the tenant pending disposition of the suit.

Upon the City joining issue, Thunderbolt also moved for a traditional summary judgment. The City filed its response to the motion along with a cross-action against its tenant.[3] Therein, the City asked that the lease be nullified because Thunderbolt breached the agreement in various respects. The trial court granted the motion for summary judgment and ultimately awarded Thunderbolt attorney's fees.

---

[2] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. *See* TEX. R. APP. P. 41.3.

[3] Though described as a cross-action the pleading is actually a counterclaim. A cross-action involves relief sought against parties on the same side of a suit (e.g., defendant against another defendant), *see* TEX. R. CIV. P. 97(e); *see also State & Cty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001), while a counterclaim involves a defendant seeking relief against a plaintiff. *See* TEX. R. CIV. P. 97.

*Issue Three – Conclusions of Law*

We address the City's last issue first. Through it, the municipality contends that the trial court erred in failing to enter conclusions of law supporting the decision to grant the summary judgment. Long ago, our Supreme Court held that a party is not entitled to findings of fact or conclusions of law following summary judgment. *Ikb Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997); *see Dion's of Tex., Inc. v. Shamrock Econ. Dev. Corp.*, No. 07-04-00050-CV, 2005 Tex. App. LEXIS 1536, at *6-7 (Tex. App.—Amarillo Feb. 25, 2005, pet. denied) (per curiam) (mem. op.) (noting same); *Old Republic Ins. Co. v. Fagan*, No. 02-02-00364-CV, 2003 Tex. App. LEXIS 5456, at *6 (Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.) (holding the same). Because the City has cited us to no authority holding otherwise, we overrule the issue.

*Issue One – Summary Judgment*

Next, the City contends that the trial court erred in granting summary judgment because supporting affidavits indicated the affiant's knowledge of the facts mentioned within the instrument were based upon "information and belief," the dispute was moot, various "item numbers" in the motion for summary judgment did not warrant summary judgment, and the motion failed to encompass the causes of action asserted in the cross-action. We sustain the first ground mentioned.

Regarding the tenor of the affidavit, the affiant was Jerry Deemer, and in the document he attested that "[t]he facts stated herein, and those stated in the Original Petition to which this affidavit is attached, are within my personal knowledge, and are all true and correct." He further swore that "[t]he facts stated herein are within my personal knowledge, ***or are based upon information and belief procured from Thunderbolt's***

3

***records*** of regularly conducted business activity, and are true and correct." (Emphasis added). That Deemer said the facts mentioned in the affidavit were founded upon his personal knowledge or "information and belief" rendered the instrument defective and incompetent summary judgment proof. *See Wells Fargo Constr. Co v. Bank of Woodlake*, 645 S.W.2d 913, 914 (Tex. App.—Tyler 1983, no writ) (stating that "[a]n affidavit based on information and belief is insufficient as verification by oath and its content is not factual proof in a summary judgment proceeding"); *accord Slater v. Metro Nissan of Montclair,* 801 S.W.2d 253, 254 (Tex. App.—Fort Worth 1990, writ denied) (stating that "[a]n affidavit made on 'knowledge and belief' is insufficient as an affidavit unless authorized by special statute'"); *see also Bill Jackson Assocs., Inc. v. Century Furniture Indus., Inc.*, No. 05-00-01424-CV, 2001 Tex. App. LEXIS 7660, at *4-5 (Tex. App.—Dallas Nov. 15, 2001, no pet.) (stating that an "affirmation that is equivocal or based upon 'information and belief' fails to satisfy" the "fundamental requirement" that the affiant intended to "unreservedly swear to the allegations" contained in the instrument). This remains true despite his other utterances about the facts being within his personal knowledge. When combined, the affiant is doing little more than saying that the "facts" he mentions may be derived from his actual knowledge of them or simply derived from what he believes they may be. The reader is left to guess at which facts are derived from personal knowledge and which are merely based on what Deemer believed them to be. Such falls short of satisfying the need for unequivocation implicit in a valid affidavit. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (stating that "an affidavit is insufficient unless the allegations contained therein are direct and unequivocal and perjury can be assigned upon it"); *accord Martinez v. IBP, Inc.* 961 S.W.2d 678, 686 (Tex. App.—Amarillo 1998, pet. denied)

4

(stating that the affiant must positively and unqualifiedly represent the purported facts mentioned in the affidavit to be true and within his personal knowledge).

In short, Thunderbolt tendered an initial affidavit to establish the facts and authenticate the documents underlying its demand for summary judgment. Yet, the factual representations within it are incompetent evidence. This is so because they were not shown to be unequivocally made upon the affiant's personal knowledge.

Whether a second, amended affidavit of Deemer cured the defects within the first is a matter we now address. The allegations regarding "personal knowledge" and "information and belief" in the second instrument differed somewhat. In it, he averred that:

> [t]he facts stated herein are within my personal knowledge and are all true and correct with respect to matters that pertain to me individually, and based upon my personal knowledge **and/or knowledge, information and/or belief** and are all true and correct **with respect to matters that pertain to Thunderbolt** Air, LLC ("Thunderbolt["]).

(Emphasis added). Again, we see reference to facts being based on personal knowledge as well as information and belief "with respect to matters that pertain to Thunderbolt." This being a suit by Thunderbolt based upon a lease executed by Thunderbolt, one is left to wonder whether the "facts" mentioned in the affidavit pertaining to Thunderbolt's claims are personally known to Deemer or just his speculation as to what the facts were. That does not clear up the quandary wrought by the first affidavit; it does not make a previously equivocal affidavit unequivocal. Consequently, the second instrument fails to provide competent summary judgment proof for the reasons applicable to the first.

In sum, the purported evidence underlying Thunderbolt's motion for summary judgment was incompetent due to the defective nature of the affidavits. This means that

5

the trial court erred in granting the motion and entering the summary judgment it did.  And, because it erred in granting the motion, it also erred in awarding Thunderbolt attorney's fees for allegedly pursuing its declaratory action to a successful outcome.

The final summary judgment is reversed, and the cause is remanded to the trial court.

Brian Quinn
Chief Justice