147 S.W.3d 628 (2004)
In the Interest of K.R.M., Jr., and T.M., Children.
No. 04-03-00452-CV.
Court of Appeals of Texas, San Antonio.
September 1, 2004.
*629 Ned M. Wells, San Antonio, for appellant.
Jennifer S. Nisbet, Edward F. Shaughnessy, III, Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.
Shawn D. Sheffield, San Antonio, for ad litem.
Sitting: ALMA L. LÓPEZ, Chief Justice, PAUL W. GREEN, Justice, and PHYLIS J. SPEEDLIN, Justice.

OPINION
Opinion by PAUL W. GREEN, Justice.
Following the trial court's order terminating his parental rights to the children, K.M.R., Jr., and T.M., appellant Kevin Martin filed a motion for new trial and statement of appellate points. The trial court denied the motion for new trial and ruled that appellant's points for appeal were frivolous. In four issues, Martin appeals the trial court's decision to deny the motion for new trial. See Tex. Fam.Code Ann. § 263.405(g) (Vernon 2002). We affirm the order of the trial court.

Background
Following a jury trial, the trial court entered its termination order based on three grounds: that Martin (1) "engaged in conduct or knowingly placed the child(ren) with persons who engaged in conduct which endangers the physical or emotional well-being of the child(ren);" (2) "failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child(ren) who [had] been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services for not less than nine months as a result of the child(ren)'s removal from the parent under Chapter 262 for the abuse or neglect of the child(ren);" and (3) "knowingly engaged in criminal conduct that has resulted in the father's conviction of an *630 offense and confinement or imprisonment and inability to care for the child(ren) for not less than two years from the date of filing the petition." The trial court's judgment also reflects the jury's finding that termination is in the best interest of the children. On appeal, Martin argues that the trial court should have granted a new trial because the evidence is factually insufficient to support the jury's verdict on each of the grounds for termination as well as the finding that termination is in the best interest of the children.

Standard of Review
In proceedings to terminate the parent-child relationship, the petitioner must establish one or more of the statutory grounds for termination and must also prove that termination is in the best interest of the child. See Tex. Fam.Code Ann. § 161.001 (Vernon 2002); In re J.J.O., 131 S.W.3d 618, 627 (Tex.App.-Fort Worth 2004, no pet.). Under the clear and convincing evidence standard required for factual sufficiency review in termination cases, we ask whether sufficient evidence was presented to produce in the mind of the fact-finder a firm belief or conviction that grounds exist for termination and that termination is in the best interest of the child. Id. at 628 (citing In re C.H., 89 S.W.3d 17, 25 (Tex.2002)); In re H.R., 87 S.W.3d 691, 696 (Tex.App.-San Antonio 2002, no pet.).

Discussion

A. Grounds for Termination
The jury found three grounds for terminating Martin's parental rights. In his first issue, Martin contends the evidence is factually insufficient to uphold the jury finding that he knowingly engaged in criminal conduct that resulted in his conviction and imprisonment and inability to care for the children for not less than two years from the date of filing the petition. The petition for termination was filed in May 2002. Martin was convicted of assault on a public servant in January 1999 and sentenced to eight years in prison. Barring early release, he will complete his sentence in August 2006, over four years from the date the termination petition was filed. However, Martin argues he may be released on parole within two years from the date the petition was filed.
Martin testified at trial that he was scheduled for a parole hearing and could be released within four months of trial.[1] However, he admitted he had been subject to disciplinary actions while in prison. He also admitted he has been denied early release on three previous occasions. Martin's hope that he might be granted early release is pure speculation. The evidence is sufficient that the jury could have formed a firm belief that Martin knowingly engaged in conduct for which he was convicted of a crime and that his imprisonment is likely to continue for more than two years from the date the termination petition was filed. We overrule Martin's first issue. When the trial court finds more than one ground for termination, we need only sustain one ground to affirm the trial court's judgment; therefore, we do not address Martin's second and third issues. See In re J.J.O., 131 S.W.3d at 630.

B. Best Interest of the Children
When determining the best interest of the child, the trial court should consider such factors as: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the parental abilities of the individuals seeking custody; (4) the programs available *631 to assist these individuals to promote the best interest of the child; (5) the plans for the child by these individuals; (6) the stability of the home or proposed placement; (7) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (8) any excuse for the acts or omissions of the parent. In re H.R., 87 S.W.3d at 700. However, this list is not exhaustive nor must all these considerations be proved as a condition precedent to termination. See id.
Martin's son was only one and one-half years old when Martin was convicted and began to serve his sentence. His daughter was only a few weeks old. At the time of trial, the children were aged five and six. Martin has never married the mother of his children. He is not identified on T.M.'s birth certificate as her father, and he has never taken steps to be legally recognized as her parent. He has seen the children only once since he was incarcerated.
The children were removed from their mother due to her drug abuse and alleged drug dealing from her home. Even before they were taken into State custody, the children's mother often left them for extended periods with Martin's mother and the children's maternal grandmother. Martin himself has been convicted of possession of illegal drugs, although he denies any drug use. In addition, he was arrested multiple times before he was convicted and sentenced for possession and assault.[2]
After being removed from their mother, the children were initially placed with Martin's mother but removed when she was implicated in drug dealing. Martin, who claims to have a close relationship with his mother, did not know the circumstances of his mother's arrest. He testified that when he gets out of jail, he would like to work as a barber but he needs to be licensed. He has a GED but has not determined how he would go to school to get his license. He has never held stable employment in the past. He has no plans for living arrangements or money when he gets out of jail.
For several weeks prior to the termination trial, the children were placed with Martin's uncle, Steve Martin, and his fiancee, Sandra Perryman. Mr. Martin and Ms. Perryman want to adopt both children. Ms. Perryman testified that she felt the children needed a stable home. Although she has worked in a hospital in the past, she would prefer to stay home with the children and give them extra attention. She and Mr. Martin also felt it was important that Kevin Martin be a part of the children's lives if he wanted that relationship when he got out of prison.
The children's therapist testified that the children have developed a good emotional attachment to their uncle and soon-to-be aunt. She also testified that the children have no bond with their father and never mention him when talking about other members of their family. Based on her observation and interaction with the children and the prospective parents, the therapist believed Mr. Martin and Ms. Perryman would be stable, giving parents and recommended the adoption as best for the children.
The evidence in the record is such that the jury could have reasonably formed a firm belief that termination of Martin's parental rights is in the best interest of the children. We overrule his fourth issue.

*632 Conclusion
Based on our review of the record, we conclude the trial court did not err in denying the motion for new trial. We affirm the trial court's order denying the motion for new trial.
NOTES
[1] Trial began on May 27, 2003.
[2] See Texas Dept. of Human Serv. v. Boyd, 727 S.W.2d 531, 534 (Tex.1987) (court may consider arrests as factor); Interest of J.M., 04-00-607-CV, 2001 WL 649612, at *1 (Tex.App.-San Antonio, June 13, 2001, no pet.) (not designated for publication) (same).