Reversed and Remanded and Majority and Dissenting Opinions filed
February 14, 2006









 

Reversed and Remanded
and Majority and Dissenting Opinions filed February 14, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00281-CV

____________

 

IN THE INTEREST OF
H.R.M.

 

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause No. 29559

 



 

D I S S E N T I N G   O P I N I O N








I respectfully disagree with the majority=s conclusion that
the evidence is factually insufficient to support a finding that Keith will be
imprisoned for at least two years from the date the petition was filed.  Typically, evidence showing the date of
conviction and a sentence length over two years from the petition date is
sufficient to meet the petitioner=s burden of
proof.  See In re J.C., 151
S.W.3d 284, 289 (Tex. App.CTexarkana 2004, no
pet.) (finding evidence of conviction date and sentence length sufficient to
prove incarceration for two years from petition date); In re E.S.S., 131
S.W.3d 632, 639B40 (Tex. App.CFort Worth 2004,
no pet.) (concluding that father=s trial statement
that he was currently serving a prison term to exceed two years sufficient to
prove incarceration for two years); see also In re A.V., 113 S.W.3d 355,
360 (Tex. 2003) (A[I]f the parent is convicted and sentenced
to serve at least two years and will be unable to provide for his or her child
during that time, the State may use subsection Q to ensure that the child will
not be neglected.@).

I disagree with the cases cited by the
majority that require a petitioner also to prove when the incarcerated parent
will be released, particularly when parole is at issue.  The grant or denial of parole lies within the
parole board=s discretion and is thus inherently
uncertain.  A parent=s hope of early
release is merely speculative.  See In
re K.R.M., 147 S.W.3d 628, 630 (Tex. App.CSan Antonio 2004,
no pet.) (A[Appellant]=s hope that he
might be granted early release is pure speculation.@); In re B.M.R.,
84 S.W.3d 814, 817B18 (Tex. App.CHouston [1st
Dist.] 2002, no pet.) (holding that father=s comments to
family members that he could be coming home early did not render evidence
insufficient to prove incarceration for two years).  This case aptly demonstrates this point.  Keith has been denied parole twice before but
nonetheless believed this time that he would be released based on his past
experience with the parole board in other cases, his lack of any Awrongdoings@ in prison, and
his scheduled completion of a pre-release course.  Though he may have had high hopes, Keith
admitted there was no assurance he would be granted parole.  I conclude that Keith=s optimism does
not render insufficient appellees= evidence
regarding the length of his incarceration.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Majority and Dissenting Opinions filed February 14, 2006.

Panel
consists of Justices Yates, Hudson, and Seymore (Seymore, J. majority).