

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00019-CV

**IN THE INTEREST OF K.A.A.** and K.N.A., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-02516
Honorable Richard Garcia, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  July 9, 2013

AFFIRMED

Appellant Humberto A. appeals the trial court's order terminating his parental rights to his daughters K.A.A. and K.N.A.  Humberto complains that the trial court erred in terminating his parental rights to K.A.A. and K.N.A. because the evidence is not legally or factually sufficient to support (1) the trial court's finding that Humberto failed to comply with his family service plan or (2) its finding that termination of his parental rights to K.A.A. and K.N.A. is in the best interest of the children.  We affirm the trial court's order.

### BACKGROUND

Humberto has three children: a teenage son H.X.A. and two younger daughters K.A.A. and K.N.A. (the girls).  The children lived with Humberto.  Jennifer, the children's mother, was living in a home with her parents.  In an outcry, K.A.A. accused her maternal grandfather of sexually

abusing her. When Humberto went out of town for work, he left the girls in another's care. Humberto testified he left the girls with his mother. Jennifer and the girls told a Department of Family and Protective Services caseworker that Humberto dropped the girls off at Jennifer's home. When the Department learned that the girls had been living for about three weeks in the same home as the man whom K.A.A. accused of sexually abusing her, it removed the girls from Jennifer's home. It petitioned to terminate Humberto's parental rights and established conditions in a family service plan for Humberto to regain conservatorship of the girls.[1] Initially, the Department placed the girls with a maternal aunt, but K.A.A. did not adjust well. K.A.A. asked to live with her paternal aunt, Michelle. After a second placement with a different aunt and uncle became untenable, the Department placed the girls with Michelle.

After a bench trial, the court found that Humberto failed to comply with his family service plan as ordered and found that termination of Humberto's parental rights to the girls was in their best interest. The court terminated Jennifer's rights to H.X.A., K.A.A., and K.N.A.; it awarded sole managing conservatorship of H.X.A. to Humberto; and it terminated Humberto's parental rights to the girls. Jennifer did not appeal the order; Humberto appeals the portion of the order that terminates his parental rights to the girls.

## STANDARDS OF REVIEW

An order terminating parental rights requires clear and convincing evidence that (1) the parent has committed one of the grounds for involuntary termination in section 161.001(1) of the Family Code, and (2) the termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002).

---

[1] The petition also sought to terminate Jennifer's parental rights, and the service plan likewise addressed Jennifer.

In a case with a clear and convincing evidence standard, we review a legal sufficiency challenge by "look[ing] at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that [the trial court's] finding was true." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re T.N.S.*, 230 S.W.3d 434, 438 (Tex. App.—San Antonio 2007, no pet.). We will conclude that the evidence is legally sufficient if a "reasonable fact[-]finder could form a firm belief or conviction that the matter that must be proven is true." *Cf. In re J.F.C.*, 96 S.W.3d at 266.

Evidence is factually sufficient under a clear and convincing standard if "a fact[-]finder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *accord In re K.R.M.*, 147 S.W.3d 628, 630 (Tex. App.—San Antonio 2004, no pet.). In our review, we must "consider whether disputed evidence is such that a reasonable fact[-]finder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266; *In re T.N.S.*, 230 S.W.3d at 438.

### STATUTORY GROUND FOR TERMINATION

In his first issue, Humberto asserts that the evidence is legally and factually insufficient to support the trial court's finding that he "failed to comply with the provisions of a court order that specifically established the actions necessary for [him] to obtain the return of the [girls]." *See* TEX. FAM. CODE ANN. § 161.001(1)(O). He also alleges that there is "no indication on the Status Hearing Order and Pretrial Scheduling Order . . . that Appellant had reviewed and understood his Family Service Plan." He contends that his signature does not appear on his family service plan, and there is no evidence that he reviewed and understood his service plan. *See id.* § 263.202(b). He insists that because the trial court failed to admonish him and make the required findings, we should reverse the trial court's order.

**A.     Texas Family Code**

The Family Code requires the trial court to "review the service plan that the department or other agency filed . . . and make findings as to whether . . . the child's parents have reviewed and understand the plan . . . and the child's parents and the representative of the department or other agency have signed the plan." *Id.*  However, to preserve a complaint for appellate review, "a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling." *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (citing TEX. R. CIV. P. 33.1); *accord In re Baby Boy R.*, 191 S.W.3d 916, 921–22 (Tex. App.—Dallas 2006, pet. denied).

**B.     Understanding Plan Requirements**

Humberto contends that the trial court did not properly admonish him regarding his duties under the family service plan, and there is no evidence that he signed the plan.  However, Humberto failed to make such a complaint to the trial court, and he cannot raise it for the first time on appeal. *See* TEX. R. CIV. P. 33.1; *In re L.M.I.*, 119 S.W.3d at 711; *In re Baby Boy R.*, 191 S.W.3d at 921–22.

Assuming *arguendo* that Humberto preserved his claim of error, or that he could raise it for the first time on appeal, his complaint still fails.  The trial court held a full adversary hearing at which Humberto personally appeared.  In its temporary order from the hearing, the trial court found that it notified Humberto that he was required to comply with the order to obtain the girls' return.  At a subsequent permanency hearing, Humberto appeared through counsel and was again advised, *inter alia*, that he had failed to provide the girls with a safe environment as ordered.  In a permanency plan progress report submitted to the court on March 28, 2012, the caseworker stated that she advised Humberto that he had to complete the family service plan tasks including attending individual counseling, providing safe and stable housing for the girls, and obtaining stable

employment. Further, at the termination trial, Humberto testified that he knew there were court ordered requirements with which he had to comply. Humberto's complaint that the trial court failed to properly admonish him and make any required findings is of no avail.

## C.      Evidence on Statutory Ground

Humberto also contends that the evidence was not legally or factually sufficient to support the ground for termination that he failed to comply with the order that established the conditions for his girls to be returned to him. *See* TEX. FAM. CODE ANN. § 161.001(1)(O).

Humberto's service plan required him, *inter alia*, to maintain safe and stable housing for the girls, seek and obtain stable employment, and attend individual counseling. Humberto's plan for housing the girls if they were returned to him was to have his two daughters live with him and H.X.A. in his cousin Lisa's home. The girls would live in the same room as Lisa's three daughters, and all would live in the same home as H.X.A.—who had admitted to sexually abusing K.A.A. The Department caseworker testified that Humberto's plan did not provide safe and stable housing because there was not enough room for the girls and they would not have the supervision or support they needed.

As part of his plan to seek and obtain stable employment, Humberto had to register with the Texas Workforce Commission (TWC), actively search for a job, and keep the caseworker apprised of his income and employment status. At the hearing, Humberto admitted that he had been unemployed for approximately five months, and the caseworker testified that she did not have any record that Humberto had registered with TWC. The caseworker also testified that Humberto began his individual counseling, but had not attended any counseling sessions in the months since she had been assigned to the case.

**D.** **Conclusion**

Viewing all the evidence in the light most favorable to the finding, we conclude that a reasonable fact-finder could have found by clear and convincing evidence that Humberto failed to provide safe and stable housing for the girls, failed to seek and obtain stable employment, and failed to attend individual counseling as required. *See In re J.F.C.*, 96 S.W.3d at 266; *In re T.N.S.*, 230 S.W.3d at 438. Considering the entire record, including the disputed evidence, we conclude that a fact-finder could have reasonably formed a firm belief and conviction that Humberto failed to comply with his service plan requirements. *See In re J.F.C.*, 96 S.W.3d at 266; *In re K.R.M.*, 147 S.W.3d at 630. Therefore, the evidence is legally and factually sufficient to support the trial court's finding that Humberto committed one of the statutory grounds for involuntary termination under section 161.001(1). *See* TEX. FAM. CODE ANN. § 161.001(1)(O); *In re J.F.C.*, 96 S.W.3d at 266.

## BEST INTEREST OF THE GIRLS

Humberto also challenges the legal and factual sufficiency of the evidence to support the trial court's finding that terminating his parental rights was in the girls' best interest.

**A.** **Best Interest of the Child Factors**

In determining whether termination of parental rights is in the best interest of a child, courts should consider several factors including the following:

> (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;
> (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;
> (12) whether the child's family demonstrates adequate parenting skills, including providing the child and other children under the family's care with:
> > . . .
> > (B) care, nurturance, and appropriate discipline consistent with the child's physical and psychological development;
> > (C) guidance and supervision consistent with the child's safety;

(D) a safe physical home environment;
. . .
(F) an understanding of the child's needs and capabilities; and
(13) whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307 (West 2008); *see In re J.L.*, 163 S.W.3d 79, 87 (Tex. 2005); *In re A.I.G.*, 135 S.W.3d 687, 692 (Tex. App.—San Antonio 2003, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(2) (West Supp. 2012).

**B.     Analysis**

At the termination trial, Humberto admitted that he had been unemployed for approximately five months and had not obtained stable employment.  He said he had been visiting the girls regularly, but stopped visiting them for personal reasons including transportation problems.

The Department caseworker testified that Humberto's service plan required him to attend individual counseling: Humberto had started counseling, but he had not attended any counseling sessions in the months since she had handled the case.  She testified that Humberto's plan to care for the girls would not place them in a safe home—in part because her admitted abuser would be living in the same home with her—and would not provide adequate supervision.  She added that Humberto had the opportunity to apply for public housing, but did not.  The caseworker also testified that K.A.A. had exhibited cutting behaviors—cutting her left arm with a razor blade— and was being treated for depression and post-traumatic stress disorder stemming from her grandfather sexually abusing her.  She noted that K.A.A. was doing fairly well in her placement with Michelle and her husband, but K.A.A. had threatened to run away if she was moved into foster care.

Michelle testified that she wants to adopt the girls, she understands K.A.A.'s need for psychiatric care, but that Humberto denies K.A.A. has a problem and insists his daughter is merely "acting stupid."

The evidence demonstrates that the parent-child relationship between Humberto and the girls is improper. *See In re J.L.*, 163 S.W.3d at 87; *In re H.R.*, 87 S.W.3d 691, 700 (Tex. App.—San Antonio 2002, no pet.). It also shows that Humberto failed to complete his counseling sessions, failed to provide a safe home environment for the girls to live, failed to obtain and maintain stable employment, and failed to demonstrate adequate parenting skills including understanding K.A.A.'s mental health needs and providing her with appropriate care and nurturance. *See* TEX. FAM. CODE ANN. § 263.307 (West 2008); *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam).

Considering the evidence under the legal and factual sufficiency standards of review, we conclude that the trial court could have formed a firm belief or conviction that terminating Humberto's parental rights to the girls was in their best interest. *See In re J.F.C.*, 96 S.W.3d at 266; *In re T.N.S.*, 230 S.W.3d at 438.

## CONCLUSION

The evidence was legally and factually sufficient to support the trial court's finding of a statutory ground for termination and its finding that terminating Humberto's parental rights to the girls was in their best interest. Accordingly, we affirm the trial court's order.

Patricia O. Alvarez, Justice