

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00901-CV

**IN THE INTEREST OF D.T.V.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-00346
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  May 14, 2014

AFFIRMED

Appellant S.G. appeals the trial court's order terminating her parental rights to her child D.T.V.  S.G. asserts the evidence was not legally or factually sufficient for the trial court to find that terminating her parental rights was in D.T.V.'s best interest.  *See* TEX. FAM. CODE ANN. § 161.001(2) (West Supp. 2013).  We affirm the trial court's order.

## BACKGROUND

D.T.V. was born on December 30, 2012, addicted to opiates and cocaine.  The Texas Department of Family and Protective Services (the Department) was notified and immediately began an investigation.  S.G. fully admitted a long and ongoing use of drugs which previously resulted in the Department removing three other children from her custody.  According to the record, S.G. acknowledged using cocaine, heroin, and Xanax during her pregnancy.  She further

stated that she used heroin and cocaine, the day before D.T.V. was born, to lessen the pain associated with her contractions.

D.T.V. remained in the neonatal intensive care unit at the hospital due to withdrawal symptoms associated with the cocaine and heroin. On February 27, 2013, the Department filed an emergency petition for protection of two-month old D.T.V. D.T.V. was removed from S.G.'s custody and placed with his adult sister. S.G. had no contact with D.T.V. in the ten months leading up to the court's termination. Even when visitation was offered, S.G. did not visit D.T.V.

Although the Department prepared and filed a plan of service for S.G., they were unable to make contact with her. The caseworker, Melissa Martinez, testified she tried numerous times to locate S.G., including sending copies of the service plan via personal mail and certified mail. The certified mail's green card was returned to Martinez's office.

After a hearing, the trial court signed the Order of Termination on December 12, 2013. In her appeal, S.G. contends the evidence is neither legally nor factually sufficient to support the findings that termination is in D.T.V.'s best interest under section 161.001(2). *See id.* § 161.001.

## STANDARD OF REVIEW

An order terminating parental rights requires clear and convincing evidence that (1) the parent has committed one of the grounds for involuntary termination as listed in section 161.001(1) of the Family Code, ***and*** (2) the termination is in the best interest of the child. *Id.*; *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002); *In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002).

### A.    Legal Sufficiency

In a case with a clear and convincing evidence standard, a legal sufficiency review requires a court to "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *J.F.C.*, 96 S.W.3d at 266; *In re T.N.S.*, 230 S.W.3d 434, 438 (Tex. App.—San Antonio 2007, no

pet.). A court must conclude the evidence is legally insufficient if it "determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true;" otherwise, the evidence is legally sufficient. *J.F.C.*, 96 S.W.3d at 266.

## B.    Factual Sufficiency

Under a clear and convincing standard, the evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *accord In re K.R.M.*, 147 S.W.3d 628, 630 (Tex. App.—San Antonio 2004, no pet.). We must consider "whether disputed evidence is such that a reasonable fact-finder could not have resolved that disputed evidence in favor of its finding." *J.F.C.*, 96 S.W.3d at 266; *T.N.S.*, 230 S.W.3d at 438.

SUFFICIENCY OF THE EVIDENCE

The trial court found that S.G.'s conduct met three statutory grounds for termination: subparagraphs (N), (O), and (R). *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O), (R). S.G., however, only contests the trial court's determination that terminating S.G.'s parental rights was in D.T.V.'s best interest.

## A.    Best Interest of the Child

Even if the trial court determines the parent's conduct meets one or more of the statutory grounds supporting termination, a court may not terminate the parent's rights unless it also finds that such "termination is in the best interest of the child." TEX. FAM. CODE ANN. § 161.001(2); *accord In re J.F.C.*, 96 S.W.3d at 261. We review the evidence to determine whether termination is in D.T.V.'s best interest.

### 1.    *Evidence of D.T.V.'s Best Interest*

The only witness who testified before the trial court was the Department's caseworker. Martinez testified that although she tried to locate S.G., to her knowledge, there had been no

contact between S.G. and D.T.V. in the ten months following D.T.V. being taken into the Department's care and custody. She sent copies of the service plan via personal mail and certified mail, and the certified mail's green card was returned to Martinez's office. Martinez further testified that S.G. had taken no steps to provide D.T.V. with a safe and stable home environment, despite the Department's willingness to work with her. Additionally, Martinez testified that D.T.V. was in a loving and safe environment and that the adult sister and the Department were moving toward adoption. Finally, Martinez testified that, in her opinion, S.G. had constructively abandoned D.T.V. and that it was in the child's best interest for S.G.'s parental rights to be terminated.

### 2. *D.T.V.'s Best Interest Finding*

Having reviewed the evidence under the respective standards of review, we conclude that a reasonable fact-finder could have formed a firm belief or conviction that terminating S.G.'s parental rights to D.T.V. was in D.T.V.'s best interest. *See In re J.F.C.*, 96 S.W.3d at 266; *In re T.N.S.*, 230 S.W.3d at 438. Therefore, we conclude that the evidence is legally and factually sufficient to support the trial court's order. *See In re J.F.C.*, 96 S.W.3d at 266; *In re T.N.S.*, 230 S.W.3d at 438.

### CONCLUSION

We conclude that the evidence was legally and factually sufficient to support the trial court's finding that termination of S.G.'s parental rights to D.T.V. was in D.T.V.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(2). Therefore, we affirm the trial court's order.

Patricia O. Alvarez, Justice