

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00825-CV

**IN THE INTEREST OF J.N.A.**, J.A.A., & A.B.D., Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02932
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Karen Angelini, Justice
                 Patricia O. Alvarez, Justice
                 Jason Pulliam, Justice

Delivered and Filed: March 25, 2015

AFFIRMED

M.O. appeals the trial court's order terminating her parental rights to her children J.N.A., J.A.A., and A.B.D. In her only issue, M.O. asserts the evidence was neither legally nor factually sufficient for the trial court to find by clear and convincing evidence that terminating her parental rights was in her children's best interests. We conclude the evidence is both legally and factually sufficient, and we affirm the trial court's order.

### BACKGROUND

In December 2013, the Department of Family and Protective Services petitioned to remove M.O.'s children from her for allegations of drug abuse. The trial court granted the petition and appointed the Department as temporary managing conservator of J.N.A. and J.A.A. When M.O. gave birth to A.B.D., the Department amended its petition to include the newborn child. After

several permanency hearings and a bench trial on the merits—at which M.O. was not present— the trial court terminated M.O.'s parental rights to her three children[1] based on subparagraphs (N), (O), (R), and (P) of Family Code section 161.001(1), *see* TEX. FAM. CODE ANN. § 161.001(1) (West 2014), and because it was in the children's best interests, *see id.* § 161.001(2).[2]

### STANDARD OF REVIEW

An order terminating parental rights must be supported by clear and convincing evidence that (1) the parent has committed one of the grounds for involuntary termination as listed in section 161.001(1) of the Family Code, and (2) terminating the parent's rights is in the best interest of the child. *Id.* § 161.001; *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002).

### A.    Legal Sufficiency

When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005). If the court "determines [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true," the evidence is legally sufficient. *See In re J.L.*, 163 S.W.3d at 85; *In re J.F.C.*, 96 S.W.3d at 266.

### B.    Factual Sufficiency

Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*,

---

[1] J.N.A. turned eighteen years old in February 2015; the question of J.N.A.'s conservatorship is moot but the termination of M.O.'s parental rights to J.N.A. is not. *See* TEX. FAM. CODE ANN. § 101.003 (West 2014) (defining an adult as a person of at least eighteen years of age); *id.* § 161.206 (effects of termination order); *In re N.J.D.*, No. 04-13-00293-CV, 2014 WL 555915, at *1 (Tex. App.—San Antonio Feb. 12, 2014, pet. denied) (mem. op.).

[2] The trial court also terminated each of the three fathers' parental rights to his child, but none of the fathers appeal the trial court's order.

89 S.W.3d 17, 25 (Tex. 2002); *accord In re K.R.M.*, 147 S.W.3d 628, 630 (Tex. App.—San Antonio 2004, no pet.). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re C.H.*, 89 S.W.3d at 25.

### GROUNDS FOR TERMINATION OF PARENTAL RIGHTS

M.O. does not challenge the trial court's findings that she committed four of the statutory grounds for involuntary termination of her parental rights. *See* TEX. FAM. CODE ANN. § 161.001(1); *In re J.F.C.*, 96 S.W.3d at 261. Instead, she argues the trial court erred because the evidence was neither legally nor factually sufficient for it to find by clear and convincing evidence that terminating her parental rights was in her children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(2); *accord In re J.F.C.*, 96 S.W.3d at 261.

### BEST INTERESTS OF THE CHILDREN

A trial court may terminate a parent's rights to a child if it finds, inter alia, such "termination is in the best interest of the child." TEX. FAM. CODE ANN. § 161.001(2); *accord In re J.F.C.*, 96 S.W.3d at 261.

### A. *Holley* Factors

The factors a court uses to ascertain the best interest of the child may include the following:

(A)  the desires of the child;
(B)  the emotional and physical needs of the child now and in the future;
(C)  the emotional and physical danger to the child now and in the future;
(D)  the parental abilities of the individuals seeking custody;
. . .
(G)  the stability of the home or proposed placement;
(H)  the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
(I)  any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).

**B.** *Holley* **Factors Evidence**

Applying the applicable standards of review for sufficiency of the evidence, we examine all the evidence, *see In re J.F.C.*, 96 S.W.3d at 266; *see also City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005) (crediting or disregarding evidence), and recite below the evidence that especially pertains to the *Holley* factors, *see Holley*, 544 S.W.2d at 371–72. At trial, M.O. and the Department examined the Department's caseworker assigned to M.O., and the court heard from the children's attorney ad litem.

*1. Sarah Craddick, Caseworker*

Sarah Craddick, M.O.'s caseworker, testified it would be in the children's best interests for M.O.'s parental rights to them be terminated. She also testified as follows.

a. Drug Abuse

M.O.'s two teenage children indicated M.O. had a problem with drug abuse. As part of her family service plan, M.O. completed a drug assessment early in her case. While her case was pending, M.O. gave birth to A.B.D. When A.B.D. tested positive for cocaine at birth, M.O. "acknowledged she was not honest [on the earlier assessment] and she agreed to complete another one [but] she no showed three times."

M.O. was also instructed to attend NA meetings. Although M.O. reported she attended NA meetings and had an NA sponsor, she never provided any proof of attendance and the woman M.O. identified as her sponsor denied being M.O.'s sponsor. M.O. showed up for some drug tests early in her case, but missed later tests. M.O. said she worked during the drug test facility's business hours and she could not get off work to be tested. When M.O. appeared for a permanency hearing, she refused to be tested.

### b.    Support, Care for Children

M.O. did not provide any form of regular support for the children and never requested the Department's assistance in being reunified with her children.  M.O. does not have stable housing. She had been living with a friend, but the friend kicked her out.  Despite being asked repeatedly, M.O. never provided proof of employment.

### c.    Supervised Visits

M.O. attended only one-half of the scheduled visits with her children.  At her visits, M.O. regularly overfed A.B.D.  Even when M.O. was told the baby had just been fed, she would provide another bottle, and A.B.D. frequently vomited in the foster parents' vehicle after M.O.'s visit.  It was necessary to end one visit early because M.O. was blaming the two older children for their having to go to a foster home.

### d.    Counseling

M.O.'s family service plan required her to participate in counseling.  After she attended a single counseling session, M.O. complained about the counselor.  The Department arranged for a second counselor, but M.O. did not engage in counseling.  Later, when M.O. asked to start counseling again, the Department appointed a third counselor, but M.O. did not attend any sessions until the day before a permanency hearing—which was one week before trial.

### e.    Foster Home, Children's Desires

The Department has begun an Interstate Compact on the Placement of Children (ICPC) placement with an individual in Illinois, and the State of Illinois has tentatively approved the placement. *See* TEX. FAM. CODE ANN. § 162.102 (West 2014) (adopting the ICPC).  When asked about her two teenage children moving out of state, M.O. admitted her children "would be better off without her" in the ICPC placement.  M.O.'s two teenage children want to live with, and be adopted through, the Illinois ICPC placement.

### 2. *Frankie Boyd, Attorney Ad Litem for the Children*

Frankie Boyd was appointed as an attorney ad litem for the children. She advised the court that she concurred with the Department's recommendation that it was in the children's best interests for M.O.'s parental rights to them be terminated.

## C. Children's Best Interests Finding

The trial court was the sole judge of the weight and credibility of the evidence including the testimony of the Department's witness. *See In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam) (requiring appellate deference to the fact-finder's findings); *City of Keller*, 168 S.W.3d at 819.

The trial court could have believed the testimony that M.O.'s teenage children reported their mother abused drugs, A.B.D. tested positive for cocaine at birth, M.O. failed to complete an honest drug assessment, and M.O. failed to report for multiple drug tests. *See Holley*, 544 S.W.2d at 372 (factors (B), (C), (H), (I)).

The trial court could have believed the testimony that M.O. had failed to provide a safe and stable home for her children, had failed to provide proof of employment, and when she had visits with her children, her conduct further indicated she could not care for her children appropriately. *See id.* (factors (B), (C), (H)).

The trial court could have believed the testimony that M.O. failed to engage in counseling that was designed to help her better care for her children. *See id.* (factors (B), (C), (H)).

Finally, the trial court could have believed the testimony that the two teenagers wanted to be placed according to the ICPC placement plan, M.O. admitted they would be better off there, and A.B.D.'s foster parents would provide an environment that was in A.B.D.'s best interest. *See id.* (factors (A), (B), (C), (G)).

Reviewing the evidence under the two sufficiency standards, we conclude the trial court could have formed a firm belief or conviction that terminating M.O.'s parental rights to her children was in each of the children's best interests. *See In re J.F.C.*, 96 S.W.3d at 266; *see also In re H.R.M.*, 209 S.W.3d at 108. Therefore, the evidence is legally and factually sufficient to support the trial court's order. *See In re J.F.C.*, 96 S.W.3d at 266; *see also In re H.R.M.*, 209 S.W.3d at 108.

### CONCLUSION

The trial court found M.O. committed four statutory grounds supporting terminating her parental rights and that terminating M.O.'s parental rights was in the children's best interests. M.O. appealed only the best interest of the children finding.

Having reviewed the evidence, we conclude it was legally and factually sufficient to support the trial court's finding by clear and convincing evidence that termination of M.O.'s parental rights to J.N.A., J.A.A., and A.B.D. was in the children's best interests.

We affirm the trial court's order.

Patricia O. Alvarez, Justice